# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

EMMETT PADGETT, by and through
his Next Friend and Natural Mother,
HARMONY PADGETT and
HARMONY and JAMES PADGETT individually,

        Plaintiffs,

v.                                                                                   No.  04-2412-KHV-DJW

DOUGLAS G. BROOKS, M.D.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Quash (doc. 20) filed by non-party Olathe Medical Center, Inc. For the reasons stated below, the Motion to Quash is denied.

## Discussion

This is a medical malpractice action arising from the alleged negligence of Douglas Brooks, M.D. in providing the prenatal care, delivery and postnatal care to Plaintiff. On Thursday, January 20, 2005, Plaintiffs served Olathe Medical Center, Inc. with a subpoena requesting the following records be produced by Monday, January 24, 2005 at 10:00 a.m.:

- All bylaws of the medical staff;

- Fourteen (14) specific Obstetrical and Newborn Polices and Procedures; and

- Continuous fetal monitoring strips for Harmony Padgett's visits to Olathe Medical Center on September 13 and September 14, 2002.

Relying specifically on Fed. R. Civ. P. 45(c)(3)(A), Olathe Medical Center, Inc. argues that the subpoena must be quashed because (1) it requires disclosure of privileged or other protected matter and no exception or waiver applies; and (2) it fails to allow reasonable time for compliance.

## Disclosure of Privileged or Protected Materials

Olathe Medical Center, Inc. seeks to quash the subpoena pursuant to Rule 45(c)(3)(A)(iii), which requires a court to quash a subpoena that will result in "disclosure of privileged or other protected matter [where] no exception or waiver applies." This Court previously has summarized the rules regarding subpoenas and privilege as follows:

> Parties objecting to [a subpoena] on the basis of . . . privilege bear the burden of establishing that it applies. To carry the burden, they must describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery. A blanket claim as to the applicability of a privilege does not satisfy the burden of proof.[1]

As a preliminary matter, Olathe Medical Center fails to provide any information supporting its blanket claim that the requested documents are "proprietary." And, even if Olathe Medical Center had provided specific facts to support its claim that the documents were proprietary, such "[c]onfidentiality does not equate to privilege."[2] A party may not rely on the confidential nature of documents as a basis for a

---

[1]*Phalp v. City Of Overland Park, Kan.*, No. 00-2354-JAR, 2002 WL 1162449, at * 2 (D. Kan. May 8, 2002) (citations and internal quotations omitted); *see also* Rule Fed. R. Civ. P. 45(d)(2) ("when information subject to a subpoena is withheld on a claim that such information is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.").

[2]*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (quoting *Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979)).

privilege objection.[3] Thus, the Court overrules Olathe Medical Center's objection to the subpoena on grounds of confidentiality.

### Time for Compliance

Plaintiffs do not dispute that the two-day time period permitted for compliance with the subpoena is unreasonable. Instead, Plaintiffs argue that the reason they provided Olathe Medical Center, Inc. with only two business days to respond to the subpoena was because they needed the requested documents in time for the scheduled deposition of defendant Brooks.

Notably, Fed. R. Civ. P. 45(c)(3)(A)(i) requires the Court to quash or modify a subpoena if the subpoena fails to allow reasonable time for compliance, regardless of any unique factual circumstances, such as an impending deposition. The Court finds that a time period of less than two business days to respond to a subpoena simply is not reasonable. Instead of quashing the subpoena as requested by Olathe Medical Center, however, the Court finds it more appropriate to modify the subpoena to allow reasonable time for compliance.

Based on the circumstances presented, it is hereby ordered that Olathe Medical Center's Motion to Quash (doc. 20) is denied.

It is further ordered that the subpoena shall be modified, as required by Fed. R. Civ. P. 45(c)(3)(A)(i), to provide Olathe Medical Center with reasonable time for compliance, which the Court determines under the circumstances of this case shall be ten (10) days from the date of this Memorandum and Order.

---

[3]*Id.*

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 23rd day of March, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties